IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| H&B HOLDINGS, INC., ) | |
| ) | CASE NO. 19-82417-CRJ11 |
| EIN: XX-XXX516 ) | CHAPTER 11 |
| ) | |
| DEBTOR. ) | |

**DEBTOR'S APPLICATION TO EMPLOY SPEICAL COUNSEL**

COMES NOW H&B Holdings, Inc., ("Debtor"), as debtor and debtor-in-possession, and applies to this Court to employ the law firm of Hall Tanner Hargett, P.C., as Special Counsel ("Special Counsel"), for the Debtor and states as grounds as follows:

1. On August 13, 2019 (the "Petition Date"), Debtor filed a voluntary petition in this Court under Chapter 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2. Since the Petition Date, Debtor has operated as a Debtor- in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this matter.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

4. This application is made pursuant to § 327 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

5. Debtor needs legal services to file litigation against C&S Sales, LLC d/b/a Derksen Portable Buildings. Debtor desires to employ Special Counsel for this purpose on behalf of Debtor. Debtor intends to pay Special Counsel for their services at their standard rate provided for in the Affidavit of Douglas B. Hargett, Esq., which is attached hereto and incorporated herein as

Exhibit 1. Debtor proposes to pay Special Counsel from operating funds subject to approval by the Court.

6. Debtor is not aware of any interest in which Special Counsel would be averse to the estate in the matters upon which Special Counsel is to be engaged, and believes that Special Counsel is a "disinterested person" as defined under the Code. Further, Debtor is not aware of any connection that Special Counsel would have with Debtor, its creditors, or other parties of any interest, including the Bankruptcy Administrator's Office, or any employee of the Bankruptcy Administrator's Office in this District.

WHEREFORE, Debtor requests that this Court authorize the employment of the law offices of Hall Tanner Hargett, P.C., for the purposes provided for in this application.

DATED this the 2nd day of December, 2019.

H & B HOLDING, INC.

By:/s/Harvey F. Robbins, III
HARVEY F. ROBBINS, III

Its: President

/s/ Stuart M. Maples
STUART M. MAPLES

MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
(256) 489-9779 – Telephone
(256) 489-9720 – Facsimile
smaples@mapleslawfirmpc.com

# CERTIFICATE OF SERVICE

   I do hereby certify that on the 2nd day of December, 2019 a copy of the foregoing document was served on the following by Electronic Case Filing a copy of the same.

Richard Blythe
Bankruptcy Administrator
richard_blythe@alnba.uscourts.gov

G. Rick Hall
Douglas B. Hargett
HALL TANNER HARGETT, P.C.
201 North Water Street
Tuscumbia, AL 35674

All parties requesting notice via ECF

                   /s/ *Stuart M. Maples*
                   STUART M. MAPLES

**EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| H&B HOLDINGS, INC., | ) |
| | ) CASE NO. 19-82417-CRJ11 |
| EIN: XX-XXX516 | ) CHAPTER 11 |
| | ) |
| DEBTOR. | ) |

## AFFIDAVIT

COMES NOW, Douglas B. Hargett, Esq., in support of the Application to Employ Special Counsel filed by the Debtor in this action, and after being duly sworn, does depose and says as follows:

1. My name is Douglas B. Hargett. I am an attorney doing business at 201 North Water Street Tuscumbia, AL 35674.

2. Debtor desires to employ the law offices of Hall Tanner Hargett, P.C. (the "Firm"), at its agreed upon rate to handle this matter which is stated as follows on Exhibit A attached hereto.

3. To the best of my knowledge, each member of the firm, is a "disinterested person" in the above Chapter 11 case, and no member represents or holds any interest adverse to the estate in the matters on which the firm is engaged.

4. To the best of my knowledge, no member of the Firm has any connection with the Debtor, its creditors, or any parties in interest.

5. The Firm is willing to represent the Debtor at its agreed upon rate as set forth in the fee schedule listed on Exhibit A. The Firm understands that the allowance of fees and expenses is subject to Court approval.

6. I have reviewed the application filed by the Debtor, and all the facts stated therein are true and correct.

7. I have personal knowledge of the matters stated herein.

DATED this the 21st day of November, 2019.

_____
DOUGLAS B. HARGETT

4

**EXHIBIT 1**

STATE OF ALABAMA )
:
COUNTY OF MADISON )

    I, the undersigned authority, in and for said County and State, hereby certify that Douglas B. Hargett, whose name is signed to the foregoing Affidavit and who is known to me, acknowledged before me on this day that, being informed of the contents of the aforesigned Affidavit he executed the same voluntarily on the day the same bears date.

    GIVEN unto my hand and official seal, this the 21st day of November, 2019.



Notary Public
My Commission Expires: 6-16-22

5

J. MICHAEL TANNER*
mtanner@halltanner.com

G. RICK HALL
rhall@halltanner.com

DOUGLAS B. HARGETT
dhargett@halltanner.com



HALL|TANNER|HARGETT|PC
ATTORNEYS AT LAW

201 NORTH WATER STREET
TUSCUMBIA, ALABAMA 35674
TEL: 256.381.7750
FAX: 256.381.4449

www.halltanner.com
*also licensed in Tennessee

November 13, 2019

PERSONAL AND CONFIDENTIAL

H&B HOLDINGS, INC.
c/o Mr. Hank Robbins
4625 Hickory Lane
Tuscumbia, AL 35674

Re: Engagement Letter

Dear Hank:

We are pleased to have been asked to serve as legal counsel for H&B Holdings, Inc. d/b/a Bullington Lumber Company (the "Client") related to the lawsuit involving C&S Sales, LLC d/b/a Derksen Portable Buildings ("Derksen"). It is our custom at Hall, Tanner, & Hargett, P.C., when we begin a new engagement, to send out a letter describing the basis on which our firm will provide legal services.

Accordingly, we submit for your approval the following provisions governing our engagement. If you agree, please sign the enclosed copy of this letter in the space provided at the end of the same. If you have any questions about these provisions, or if you would like to discuss possible modifications, please do not hesitate to contact me. Again, we are pleased to have the opportunity to serve you.

1. Client: Scope of Representation. We will represent Client. The scope of our representation will include the representation of Client in negotiations, legal proceedings, and other matters related to Derksen. Please note we cannot guarantee any outcome, only that we will work diligently on your behalf.

2. Term of Engagement. Either of us may terminate the engagement at any time for any reason by written notice, subject on our part to applicable rules of professional conduct. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in any matter with respect to which we have been engaged, and, if you so request, we will suggest to you possible successor counsel and provide it with whatever papers you have provided to us. If you terminate the engagement, we are entitled to recover the fees and expenses as outlined in this agreement.

Unless previously terminated, our representation will terminate upon our sending you our final statement for services rendered. Following such termination, any otherwise nonpublic information you have supplied to us which is retained by us will be kept confidential in accordance with applicable rules of professional conduct. At your request, your papers and property will be returned to you promptly upon receipt of payment for outstanding fees and costs. Our own files pertaining to the matter will be retained by the firm. These firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research including investigative reports, prepared by or for the internal use of lawyers. All such documents retained by the firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

You are engaging our law firm to provide legal services in connection with specific matters. After completion of a matter, changes may occur in the applicable laws or regulations that could have an impact upon your future rights and liabilities. Unless you engage us after completion of the matter to provide additional advice on issues arising from the matter, the firm has no continuing obligation to advise you with respect to future legal developments.

3. Fees and Expenses Arrangement. In connection with our representation, our law firm will agree to the fees and expenses arrangement set forth below, which consists of the following different components:

   a. Expenses. Client agrees to pay all expenses and costs related to the matter involving Derksen. We will customarily be incurring out-of-pocket expenses, such as filing fees, copying expenses, etc., and each of our billing statements will itemize charges for these items. Our bills may include costs and fees paid to third parties on your behalf. We will include on our statements separate charges for performing services such as photocopying, messenger and delivery service, travel, long-distance telephone and telecopy, word processing, and search and filing fees. Fees and expenses of others such as experts, consultants, appraisers, and local counsel you request us to engage generally will not be paid by us, but will be billed directly to you.

   b. Hourly Fee. Client agrees to pay our law firm $325.00 per hour worked for work performed by the law partners of the firm (the "Hourly Fee"). The Hourly Fee will be paid on a monthly basis and will be paid regardless of any success achieved in the case.

4. Client Responsibilities. In reliance upon information and guidance provided by you, we will provide legal counsel and assistance in accordance with this letter, keep you reasonably informed of progress and developments, and respond to your inquiries. You agree to cooperate fully with us, to provide promptly all information known or available to you relevant to our representation and to keep us apprised of relevant developments as they occur. You also agree to pay our statements for services and expenses in accordance with paragraph 3 above.

5. <u>Communication</u>. In addition to other means of communication, we may communicate with you by e-mail, mobile phone, text message, social media messaging, and other means. Client understands, acknowledges, and agrees that communications, including but not limited to e-mail, text messages and social media messaging, may not be secure and could be intercepted or hacked by a third-party. Client accepts this risk and wants to communicate through the above-referenced means.

6. <u>Entire Agreement</u>. This engagement letter represents the entire understanding of the parties hereto with respect to the subject matter hereof and any prior or contemporaneous agreements, whether supplementary to or in conflict with this engagement letter, are void.

Please let me know if you have any questions with respect to the foregoing. If the terms set forth in this letter are satisfactory to you, please so indicate by signing below and returning a copy of this letter to me. Once again, we are pleased to have this opportunity to work with you. Please call me if you have any questions or comments during the course of our representation.

Very truly yours,

Douglas B. Haggett

**AGREED and ACCEPTED:**

**H&B Holdings, Inc.**

Signature: _/s/_

Print Name: Hank Robbit

Date: November 13, 2019