IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 19-82417-CRJ11 |
| | ) | |
| H & B HOLDINGS, INC. | ) | |
| d/b/a BULLINGTON LUMBER CO., INC. | ) | |
| EIN.: xx-xxx4516 | ) | |
| | ) | CHAPTER 11 |
| Debtor. | ) | |

## CB&S BANK'S OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT

**COMES NOW**, CB&S Bank, a creditor in the instant matter, by and through its attorney of record, CB&S Bank, and hereby files this Objection to the Debtor's Disclosure Statement dated December 10, 2019. The Disclosure Statement does not provide adequate information as required by Section 1125 of the Bankruptcy Code. In support thereof, the CB&S Bank states as follows:

## PERTINENT PROCEEDINGS TO DATE

1. The above-captioned Debtor filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division on August 13, 2019 (the "Petition Date").

2. On the 10th day of December, 2019, the Debtor filed its Disclosure Statement. PACER Doc. No. 67.

## OBJECTION

3. The disclosure provisions of 11 U.S.C. §1125 are the heart of Chapter 11. H.R. Rep. No. 595, 95th Cong., 1st Sess. 226, 408 (1977). "If adequate disclosure is provided to all creditors and stockholders whose rights are to be affected, then they should be able to make an informed judgment of their own... ." H.R. Rep. No. 595 at 226. Creditors depend on debtors to provide adequate information in order to base their decision as to how to vote on a plan of

1

Case 19-82417-CRJ11   Doc 72   Filed 01/02/20   Entered 01/02/20 11:21:03   Desc Main
Document    Page 1 of 7

reorganization. The Debtor's duty to provide adequate information is found in 11 U.S.C. §1125(a). The Bankruptcy Code defines adequate information as information "... in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records... ." 11 U.S.C. §1125(a).

4. Courts have prescribed a list of disclosures which typically should be included in a disclosure statement. In In re Scioto Valley Mortgage Co., the court adopted a 19–point nonexhaustive list of the types of information that may be required in a disclosure statement. That list of disclosures is as follows:

1. The circumstances that gave rise to the filing of the bankruptcy petition;
2. A complete description of the available assets and their value;
3. The anticipated future of the debtor;
4. The source of the information provided in the disclosure statement;
5. A disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;
6. The condition and performance of the debtor while in Chapter 11;
7. Information regarding claims against the estate;
8. A liquidation analysis setting forth the estimated return that creditors would receive under Chapter 7;
9. The accounting and valuation methods used to produce the financial information in the disclosure statement;
10. Information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;
11. A summary of the plan of reorganization;
12. An estimate of all administrative expenses, including attorneys' fees and accountants' fees;
13. The collectability of any accounts receivable;
14. Any financial information, valuations or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject the plan;
15. Information relevant to the risks being taken by the creditors and interest holders;
16. The actual or projected value that can be obtained from avoidable transfers;
17. The existence, likelihood and possible success of non-bankruptcy litigation;
18. The tax consequences of the plan; and
19. The relationship of the debtor with affiliates.

88 B.R. 168 at 170,171 (Bankr.S.D.Ohio 1988).

5. The Debtor's Disclosure Statement does not provide adequate information that would permit a hypothetical investor to make an informed judgment about the Debtor's Plan as is required by 11 U.S.C. §1125(a) and falls short of a number of the suggested disclosures above.

6. The Disclosure Statement does not provide a complete description of the available assets (Scioto Factor 2). The Disclosure Statement refers creditors to Schedule A/B filed in this case as the sole description of the Debtor's assets. The Disclosure Statement does not identify any work in progress, finished goods, or inventory, with the lone exception of "chemicals for lumber treatment" with a value of $10,000. The description of office equipment and furniture is vague and incomplete. Descriptions of machinery owned or leased by the Debtor is vague and contains no description other than "Saws, pumps, small tools." Exhibit A, p.3. While it is inferred that the Debtor uses equipment that is leased from H&B Properties, LLC, the Disclosure Statement does not specify what, if any, of the described tools and machinery are owned by the Debtor.

7. The "anticipated future of the debtor" (Scioto Factor 3) cannot be discerned by the Disclosure Statement because it characterizes the Debtor as not being able to continue operations. The Disclosure Statement suggests the Debtor intends to cease operations and allow the lessor to potentially lease or sell the necessary equipment and real property to a third party.

8. The liquidation analysis indicates that creditors are better off under the confirmation of the proposed plan, but contains little else. The Disclosure Statement does not estimate the return that creditors would receive in a Chapter 7 case (Scioto Factor 8).

9. The Disclosure Statement does not appear to describe the future management of the debtor and the amount of compensation to be paid to the insiders (Scioto Factor 10).

10. The Disclosure Statement does not provide an estimate of administrative expenses (Scioto Factor 12). If the Debtor ceases operations, it would appear the sole benefit of the Debtor's continued existence would be to collect receivables and to assert the claims against C&S Sales, LLC (Derksen Portable Buildings). The Disclosure Statement does not provide enough information to determine if the additional administrative fees are worthwhile or whether

3

the Debtor could be represented on a contingency fee basis.

11. The Disclosure Statement does not provide adequate information with regard to the collectability or the plan to collect accounts receivable (Scioto Factor 13).

12. The Debtor's operation is so small and so unlikely to continue that it is understandable that the Debtor would not bolster its Disclosure Statement with substantial information. However, creditors are entitled to adequate information ahead of confirmation so that they can make informed decisions before they are subjected to the res judicata effects of a confirmation order. This case has very few moving parts; those parts, though are subject to significant variables that have not been fully explained. The Disclosure Statement does not disclose adequate information and does not provide the disclosures necessary for creditors to make an informed judgment in this case.

**WHEREFORE**, premises considered, CB&S Bank objects to the Disclosure Statement and requests this Honorable Court enter an order denying approval of this Disclosure Statement and granting such further and different relief as it may deem appropriate.

**RESPECTFULLY** submitted this the 2ND day of January, 2020.

_____
William M. Hancock
Attorney for CB&S Bank

WOLFE, JONES, WOLFE, HANCOCK,
DANIEL & SOUTH, LLC
905 Bob Wallace Avenue
Huntsville, Alabama 35801
(256) 534-2205 - Telephone
(256) 519-6691 – Facsimile
bankruptcy@wolfejones.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the below listed parties to this action by placing a copy of same in the United States Mail, postage pre-paid and properly addressed, or by notification of the CM/ECF electronic notification system, this the 2ND day of January, 2020.

_____
William M. Hancock

*VIA U.S. MAIL*

H & B Holdings, Inc.
d/b/a Bullington Lumber Co., Inc.
4625 Hickory Lane
Tuscumbia, Alabama 35674

United Lumber & Reman, LLC
c/o Hon. Robert M. Ronnlund
Scott, Sullivan, Streetman & Fox
2450 Valleydale Road
Birmingham, Alabama 35244-2015

Arnold's Truck Stop
1460 Highway 20
Tuscumbia, Alabama 35674-6078

EV Logistics
26 West Zarate Street
Rio Grande City, Texas 78582-6112

Harvey F. Robbins, III
Beverly Robbins
Robbins Properties, Inc.
100-B South Main Street
Tuscumbia, Alabama 35674-2429

JRC Transportation
Post Office Box 15101
Newark, New Jersey 07192-5101

Nextran Truck Center
Post Office Box
Fultondale, Alabama 35068-0820

Ohio Valley Transport
750 Economy Drive
Clarksville, Tennessee 37043-2429

Premier Trailers, LLC
Post Office Box 206553
Dallas, Texas 75320-6553

Shappire Lumber Co., Inc.
109548 Tammany Lane
Hamilton, Montana 59840

Taylor Supply Company
c/o Roy Taylor
Post Office Box 1026
Russellville, Alabama 35653-1026

Troy Corporation
Post Office Box 824736
Philadelphia, PA 19182-4736

Weyerhaeuser
Post Office Box 843568
Dallas, Texas 75284-3568

ASM Consulting
2949 County Road 30
Florence, Alabama 35634-6620

Baggett Services
2 South 32nd Street
Birmingham, Alabama 35233-3018

C.H. Robinson Worldwide, Inc.
Receivables Control Corp.
7373 Kirkwood Court, Suite 200
Osseo, Minnesota 55369-5264

Free State Trucking
64 County Road 3729
Addison, Alabama 35540-0398

Global Fire Sprinklers, LLC
4242 Bryson Blvd.
Florence, Alabama 35630-7319

Haleyville Saw Shop
1556 Highway 243 South
Haleyville, Alabama 35565-7384

Hoker Trucking
30923 52nd Avenue
Dixon, Iowa 52745-9719

Integrated Corporate Solutions
Post Office Box 443
Florence, Alabama 35631-0443

JLE Industries, LLC
119 ICMI Road, Suite 210
Dunbar, PA 14531-2358

James G. Henderson
Pritchard, McCall, Jones, LLC
505 N. 20th Street, Suite 1210
Birmingham, Alabama 35203-4662

John Ellis Trucking
3078 Lake Grove Drive
Hernando, Mississippi 38632-7900

Hon. Joyce White Vance
US Attorney General
1801 4th Avenue North
Birmingham, Alabama 35203-2101

Just Right Services
574 Rose of Sharon Road
Cutler, Illinois 62238-1100

King of Freight, LLC
110 South Main Street, Suite 300
Wichita, Kansas 67202-3751

Loretta Lynch
US. Department of Justice
950 Pennsylvania Avenue NW
Washington DC 20530-0009

Luther Strange
Alabama Attorney General
Post Office Box 300152
Montgomery, Alabama 36130-0152

MJS Transportation, Inc.
Post Office Box 816
Decatur, Indiana 46733-0816

Miner Saw, Inc.
Post Office Box 2214
Decatur, Alabama 35609-2214

Motion Industries
Post Office Box 404130
Atlanta, Georgia 30384-4130

Nextran Corporation
Mr. Luis Colon
8100 Chancellor Drive, Suite 130
Orlando, Florida 32809-7664

Nextran Truck Center
Post Office Box 820
Fultondale, AL 35068-0820

On Time Truck Hauling
21820 Grand Lancelot Drive
Kingwood, Texas 77339-7700

Pendu MFG, Inc.
718 North Shirk Road
New Holland, PA 17557-9721

Pitney Bowes
Post Office Box 371887
Pittsburgh, PA 15250-7887

Purchase Power
Post Office Box 371874
Pittsburgh, PA 15250-7874

Quill Corporation
Post Office Box 37600
Philadelphia, PA 19101-0600

Shoals Rubber & Gaskett
Post Office Box 1786
Decatur, Alabama 35602-1786

TW3 c/o Transport Clearing East
4651 Charlotte Park Drive. Suite 450
Charlotte, North Carolina 28217-1910

Three Chimney Express, Inc.
2962 Three Chimney Road
Viroqua, Wisconsin 54665

Timber Products Inspection
Post Office Box 919
Conyers, Georgia 30012-0919

Vulco Auto Supply
416 Buffalo Road
Lawrenceburg, Tennessee 38464-3214

Hon. Douglas B. Hargett & Hon. G. Rick Hall
201 North Water Street
Tuscumbia, Alabama 35674-1926

*VIA ELECTRONIC NOTICE*

Hon. Stuart M. Maples
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
smaples@mapleslawfirm.com

Hon. Richard Blythe, B.A.
Post Office Box 3045
Decatur, Alabama 35602-3045
Bnc_notices_northern@alnba.uscourts.gov

De Lage Landen Financial Services
111 Old Eagle School Road
Wayne, PA 19087
Litigation.recoverybkmailbox@dllgroup.com

Alabama Department of Revenue
Post Office Box 327483
Montgomery, Alabama 36132-7483
bankruptcy@revenue.alabama.gov

Carter Oil Company
Post Office Box 487
Sheffield, Alabama 35660-0487
acbutler@hiwaay.net

Total Quality Logistics
Post Office Box 634558
Cincinnati, Ohio 45263-4558
jwells@tql.com

First Metro Bank
406 West Avalon Avenue
Muscle Shoals, Alabama 35661
kdefoor@firstmetrobank.net

Internal Revenue Service
Post Office Box 7346
Philadelphia, PA 19101-7346
Cio.bncmail@irs.gov

Hon. Karen Schwartz McClure
1609 Richard Arrington Jr. Blvd. South
Birmingham, Alabama 35205-4952
lmslaw@bham.rr.com

Sunbelt Paper and Packaging
Post Office Box 521
Saginaw, Alabama 35137
jeff@sunbeltpaper-packaging.com

State of Alabama Dept. of Revenue
Post Office Box 320001
Montgomery, Alabama 36132-0001
bankruptcy@revenue.alabama.gov

U.S. Securities & Exchange Commission
950 East Paces Ferry Road
Suite 900
Atlanta, Georgia 30326-1180
Bnc_notices_southern@alnba.uscourts.gov

7