IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| H&B HOLDINGS, INC., | ) |
| | ) CASE NO. 19-82417-CRJ11 |
| EIN: XX-XXX516 | ) CHAPTER 11 |
| | ) |
| DEBTOR. | ) |

# THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF H&B HOLDINGS, INC., DEBTOR AND DEBTOR-IN-POSSESSION

### MARCH 19, 2020

Stuart M. Maples
MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
(256) 489-9779 – Telephone
(256) 489-9720 – Facsimile
smaples@mapleslawfirmpc.com
Attorney for Debtor-in-possession

# DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION
# DATED MARCH 19, 2020

In accordance with 11 U.S.C. §1124, H&B Holdings, Inc., debtor and debtor-in-possession ("Debtor") in the above-captioned Chapter 11 case, files this Plan of Reorganization dated March 19, 2020 (the "Plan"), in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division ("Bankruptcy Court" or "Court").

## I.
## DEFINITIONS

The following terms shall have the following meanings unless the context otherwise requires and, unless otherwise indicated, the singular shall include the plural. The definitions contained in §§ 101 and 1101 of the Bankruptcy Code shall control unless different definitions are stated herein, in which case the definitions as stated herein shall control for purposes of this Plan.

**1.01** **"Accounting Fees"** means accounting and/or administrative management fees for preparing tax returns and other financial reports.

**1.02** **"Administrative Claim"** means a claim for any cost or expense of administration of the Reorganization Case allowed under § 503(b) of the Bankruptcy Code, including without limitation any claim for the actual and necessary costs and expenses of preserving the Debtor's estate and all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court.

**1.03** **"Allowed Amount"** means the amount of any Allowed Claim.

**1.04** **"Allowed Claim"** means:

    A.    Any claim in any Class:

        1.    proof of which has been filed with the Bankruptcy Court prior to the Bar Date or which has been scheduled by the Debtor and not shown as disputed, contingent, or unliquidated; and
        2.    to which no objection has been made within the Disclosure Statement or to which no objection is filed within thirty (30) days of the date of the effective date or which has been allowed by Final Order; or

    B.    Any Administrative Claim for which a motion or fee application has been filed and approved by the Court.

**1.05** **"Allowed Secured Claim"** means a claim that is both an Allowed Claim and a Secured Claim.

**1.06** **"Allowed Unsecured Claim"** means a claim that is both an Allowed Claim and an Unsecured Claim.

**1.07** **"Bankruptcy Code or Code"** means Chapter 11 of Title 11, United States Code.

**1.08** **"Bankruptcy Court"** or **"Court"** means the United States Bankruptcy Court for the Northern District of Alabama, Northern Division.

**1.09** **"Bankruptcy Rule"** or **"Bankruptcy Rules"** means one or more of the Federal Rules of Bankruptcy Procedure.

**1.10** **"Bar Date"** means the date established by the Court as the deadline for filing all claims. Bar date for governmental claim holders in a Chapter 11 case is 180 days from the date of filing. Claims filed after the Bar Date, which are not otherwise Allowed Claims, will be disallowed and of no effect.

**1.11** **"Claim"** means a claim or interest as defined by the Code.

**1.12** **"Class"** means one of the classes of allowed claims or equity interests established by the Plan.

**1.13** **"Confirmation Date"** means the date of the Confirmation Order becoming final.

**1.14** **"Confirmation Order"** means the Final Non-Appealable Order of the Court determining that the Plan meets the requirements of the Bankruptcy Code and is entitled to confirmation.

**1.15** **"Court"** means the United States Bankruptcy Court for the Northern District of Alabama, Northern Division.

**1.16** **"Debtor"** means H&B Holdings, Inc.

**1.17** **"Disbursing Agent"** means Harvey "Hank" R. Robbins, III.

**1.18** **"Effective Date"** means thirty (30) days after the Confirmation Date.

**1.19** **"Filing Date"** with respect to the Debtor means August 13, 2019, the date on which the case was commenced by the Debtor's filing for relief under Chapter 11 of the Bankruptcy Code.

**1.20** **"Final Decree"** means the Order entered by the Bankruptcy Court which closes the case.

**1.21** **"Final Order"** means an order of the Court that has become conclusive of all matters adjudicated by such order and

A. that is not the subject of a pending appeal and for which the time to appeal or seek review or rehearing of such order has expired, or

B. that is the subject of a pending appeal but has not been stayed or as to which no supersedeas bond has been posted.

**1.22** **"IRS"** means the United States Treasury, Internal Revenue Service.

**1.23** **"Net Plan Profits"** means net profits determined in accordance with generally accepted accounting principles consistently applied: (a) less administrative payments which are due on or before the date on which Net Plan Profits are being calculated; (b) less any payments required by this Plan, which are due on or before the date on which Net Plan Profits are being calculated, other than payments out of Net Plan Profits.

**1.24** **"Plan"** means this Plan of Reorganization and any subsequent amendments.

**1.25** **"Post-Petition"** means the Filing Date and the period after the Filing Date.

**1.26** **"Pre-Petition"** means the period preceding the Filing Date.

**1.27** **"Priority Claim"** means those expenses and claims which may be provided for under 11 U.S.C. §§ 507 (a) (2)--(9) of the Code.

**1.28** **"Proponent"** means Debtor.

**1.29** **"Pro-rata Share"** means the same proportions that a given Allowed Claim within a Class bears to the total Allowed Claims of such class.

**1.30** **"Reorganization Case"** with respect to the Debtor means the reorganization case under Chapter 11 of the Bankruptcy Code.

**1.31** **"Secured Claim"** means a claim allowed as secured in the real or personal property of the Debtor.

**1.32** **"Unsecured Claim"** means an allowed claim other than an Administrative Expense Claim, Priority Claim, or a Secured Claim.

## II.
## CLASSES AND CLASSIFICATIONS OF CLAIMS AND INTEREST

**2.0** **UNCLASSIFIED CLAIMS**

    **A.** **Administrative Expense Claims.** Administrative Expense Claims shall consist of all administrative expense claims of the Debtor's Chapter 11 case as allowed pursuant to § 503(b) of the Code and given priority in accordance with § 507(a)(1) of the Code. These claims are divided into the following sub-categories:

    **Maples Law Firm, P.C.**: Debtor has incurred legal fees with the law firm of Maples Law Firm, P.C. relating to the firm's representation of the Debtor in Bankruptcy. These legal fees, if approved by the Court, shall constitute an Administrative Expense Claim which is unimpaired and shall be paid either upon the Effective Date of the Plan or in a manner agreed upon by the Debtor and Maples Law Firm. The amount of professional compensation due at confirmation is estimated to be approximately $55,000.00.

**Hall Tanner Hargett, P.C.**: Employment of Hall Tanner Hargett P.C., as special counsel, is currently pending approval before the Court and is set for hearing March 25, 2020. If approved, Hall Tanner Hargett, P.C. bills at an hourly rate according to their menu of services performed. These legal fees shall constitute an Administrative Expense Claim which is unimpaired and shall be paid in full as of the Effective Date of the Plan.

**B. Tax Claims.**

(i) The Allowed Tax Claim of the IRS.

(ii) The Allowed Tax Claim of the Alabama Department of Revenue.

**2.01 UNIMPAIRED CLASSES**

All classes of claims are impaired under the Plan.

**2.02 IMPAIRED CLASSES**

**Class 1 – Allowed Secured of De Lage Landen Financial Services.**
Class 1 shall consist of the Allowed Secured Claim of De Lage Landen Financial Services ("De Lage"). A proof of claim has been filed for $28,424.16, accruing interest at 4.25%, per annum.

**Class 2 – Allowed Secured of First Metro Bank.**
Class 2 shall consist of the Allowed Secured Claim of First Metro Bank ("First Metro"). A proof of claim has been filed for $2,915,041.50, accruing interest at 5.00%, per annum.

**Class 3 – Allowed Secured of CB&S Bank.**
Class 3 shall consist of the Allowed Secured Claim of CB&S Bank ("CB&S"). A proof of claim has been filed for $1,165,786.91, accruing interest at 5.75%, per annum.

**Class 4 - Allowed Unsecured Claims.**
Class 4 shall consist of the Allowed Unsecured Claims of all other unsecured creditors.

**Class 5 – Equity Interest Holders.**
Class 5 shall consist of the equity position of Member Harvey F. Robbins, III in the Debtor.

**III.**
**IMPAIRMENT AND TREATMENT OF CLASSES UNDER THE PLAN**

The Plan will be summarized by incorporation of pertinent portions. Other provisions of the Plan are extremely important, especially Article I, Definitions. The Plan should be read in full.

-5-

Case 19-82417-CRJ11    Doc 127    Filed 03/19/20    Entered 03/19/20 14:51:50    Desc
Main Document    Page 5 of 17

## 3.0 TREATMENT OF UNCLASSIFIED CLAIMS

**A.** **Administrative Expense Claims:** This class shall consist of all administrative expense claims of the Debtor's Chapter 11 case as allowed pursuant to § 503(b) of the Code and given priority in accordance with § 507(a)(1) of the Code. This class is divided into the following sub-classes:

**Maples Law Firm, P.C.:** Debtor has incurred legal fees with the law firm of Maples Law Firm, P.C. relating to the firm's representation of the Debtor in Bankruptcy. These legal fees, if approved by the Court, shall constitute an Administrative Expense Claim which is unimpaired and shall be paid either upon the Effective Date of the Plan or in a manner agreed upon by the Debtor and Maples Law Firm. The amount of professional compensation due at confirmation is estimated to be approximately $55,000.00.

**Hall Tanner Hargett, P.C.**: Employment of Hall Tanner Hargett P.C., as special counsel, is currently pending approval before the Court and is set for hearing March 25, 2020. If approved, Hall Tanner Hargett, P.C. bills at an hourly rate according to their menu of services performed. These legal fees shall constitute an Administrative Expense Claim which is unimpaired and shall be paid in full as of the Effective Date of the Plan.

**B.** **Tax Claims.**

(i) **IRS:** The IRS asserts a Priority Claim of $4,212.94. The Allowed Priority Claim of the IRS shall be paid in sixty (60) equal monthly installments, commencing sixty (60) days after the Effective Date of the Plan. Payment on the IRS Tax claim shall be $77.59 per month, at 4% interest, per annum.

(ii) **Alabama Department of Revenue:** The Alabama Department of Revenue ("ADOR") asserts Priority Claims in the total amount of $24,980.42. The Allowed Priority Claims of ADOR shall be paid in sixty (60) equal monthly installments, commencing sixty (60) days after the Effective Date of the Plan. Payment on the ADOR Tax claims shall be $460.05 per month, at 4% interest, per annum.

## 3.01 TREATMENT OF IMPAIRED CLAIMS

**Classified Claims:**

**Class 1 – Allowed Secured of De Lage Landen Financial Services.**
Class 1shall consist of the Allowed Secured Claim of De Lage in the amount of $28,424.16. The De Lage collateral has been surrendered, satisfying the secured claim of De Lage. De Lage shall have 60 days from the Effective Date to file an unsecured deficiency claim.

**Class 2 – Allowed Secured of First Metro Bank.**
Class 2 shall consist of the Allowed Secured Claim of First Metro. It is anticipated that First Metro will continue to be serviced by the lease, or paid off by the sale of its real estate collateral owned by H&B Properties, LLC, a related non-filing entity.

-6-

Case 19-82417-CRJ11    Doc 127    Filed 03/19/20    Entered 03/19/20 14:51:50    Desc
Main Document    Page 6 of 17

**Class 3 – Allowed Secured of CB&S Bank.**
Class 3 shall consist of the Allowed Secured Claim of CB&S. It is anticipated that CB&S will continue to be serviced by the lease, or paid off by the sale of its real estate collateral owned by H&B Properties, LLC, a related non-filing entity.

**Class 4 - Allowed Unsecured Claims.**
Class 4 consists of the Allowed Unsecured Claims of all other unsecured creditors. The Allowed Unsecured Claims of the unsecured creditors will be paid the net proceeds of the Derksen Claim. This gross claim less Administrative Expenses and Tax Claims.

It is anticipated that the Derksen Claim may be worth $150,000.00—$300,000.00.

**Class 5 – Equity Interest Holders.**
Class 5 shall consist of the equity position of Member Harvey F. Robbins, III in the Debtor. The Member, or his assigns, will receive no equity distribution (other than salary) unless and until Class 4 is paid in full.

## IV.
## PROVISIONS FOR REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS

To the best of Debtor's knowledge, it is a party to one or more executory contracts. The Debtor proposes to reject the existing executory contracts.

## V.
## MEANS OF EXECUTION OF THE PLAN

**5.01    Means of Implementation of the Plan.**

H&B Properties, LLC, which is funded by Mr. Robbins, cannot continue to pay the notes without being paid the lease amount each month. At that time H&B Properties, LLC will lease the property to a third party in order to reduce the monthly deficit or eliminate it altogether. In addition, H&B Properties, LLC will assume both banknotes.

The treatment operations are to be leased to C&T Sales, LLC for $15,000.00 per month, subject to approval by this Court. The pallet operations will be leased to Pallet Repairs, LLC, (an entity owned by Mr. Robbins) for $5,000.00 per month. The yard or "white" operations are being negotiated to lease for approximately $8,500.00 per month to Lumber One.

Debtor shall implement the terms of the Plan by executing all documents necessary. Debtor shall also execute such additional documents as are necessary to comply with the terms of the Plan. H&B Properties, LLC owns the property and equipment and has been and is currently paying both Class 2 and Class 3, which totals $30,422.52 monthly. The property and equipment are collateral for both notes. Debtor has not been paying the lease amount to H&B Properties, LLC which equals the banknote amounts and does not appear that it will be able to.

-7-

Case 19-82417-CRJ11    Doc 127    Filed 03/19/20    Entered 03/19/20 14:51:50    Desc
Main Document    Page 7 of 17

The resulting leases will leave a shortfall to the secured lenders of $2,000.00 per month, which will be funded by Mr. Robbins.

Mr. Robbins has also agreed to fund the Derksen Claim, from which the net proceeds, (after repaying Mr. Robbins for fees expended would be used to pay unsecured creditors pro rata. It is anticipated that unsecured creditors would be returned from $100,000.00 to $250,000.00.

**5.02** **Execution of All Documents.** The Plan authorizes the Debtor to execute all documents necessary to carry out the terms of the Plan.

**5.03** **Objections to Claims and Allowances.** No payment or distribution shall be made to the holder of a claim against which an objection has been filed within thirty (30) days after the Effective Date until any such objection to a claim has been determined by Final Order of the Court. Disputed and unliquidated claims shall be estimated for purposes of voting and unless the Court orders otherwise, payments to holders of contested claims that are subsequently allowed shall be made in accordance with the terms of the Plan. Contest of claims shall be filed with the Court no later than sixty (60) days after the Effective Date.

**5.04** **Retention of Assets.** Except as provided for in the Plan or in the order confirming the Plan, on the Confirmation Date the Debtor shall be vested with all of the property of the estate and shall retain all property rights free and clear of all liens, charges, and other interests of the creditors.

## VI.
## MODIFICATION AND CONFIRMATION OF THE PLAN

**6.01** **Pre-Confirmation Modifications.** Debtor may propose modifications hereof at any time prior to Confirmation without leave of this Court, upon such notice as may be required by this Court. If such modification is made after acceptance hereof, this Plan as so modified shall be deemed accepted by all holders of Claims and equity interests that have previously accepted this Plan, provided that this Court finds that such modification would not materially and adversely change the treatment of the holders of Claims or equity interests that have not accepted such modification in writing.

**6.02** **Post-Confirmation Modifications.**

    **A.** Except as provided in Subsection B of this section, Debtor may modify this Plan after Confirmation only if this Court determines that this Plan as so modified meets all of the requirements for confirmation.

    **B.** Notwithstanding Subsection A of this section, the Debtor may modify this Plan during the period between the Confirmation Date and the "substantial consummation," provided that this Court determines only that such modification does not materially and adversely change the treatment of claims or equity interests but merely remedies a defect or omission or reconciles an inconsistency in or between this Plan and/or the Confirmation Order in such manner as may be necessary to carry out the purposes and effect hereof.

-8-

Case 19-82417-CRJ11    Doc 127    Filed 03/19/20    Entered 03/19/20 14:51:50    Desc
Main Document    Page 8 of 17

**6.03** **Effect of Confirmation.**

    **A.**    Upon Confirmation, the provisions hereof shall bind the Debtor and each holder of a Claim whether or not

        1.    the Claim of such holder is impaired hereunder or
        2.    such holder has accepted this Plan.

    **B.**    Except as otherwise provided herein or in the Confirmation Order, Confirmation vests all of the property of the estate in Debtor, free and clear of all claims.

    **C.**    Except as provided for in §1141(d)(5), Confirmation discharges the Debtor from any debt that arose before the Confirmation Date and any claim of a kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not

        1.    a proof of claim is filed with respect thereto,
        2.    the debt appears in the schedules of liabilities filed by the Debtor,
        3.    the debt is allowed, or
        4.    the holder of such debt has accepted this Plan.

    **D.**    Confirmation shall constitute approval or ratification by this Court of the assumption or rejection of the Debtor' executory contracts and unexpired leases pursuant to Section IV hereof.

    **E.**    Confirmation shall constitute approval by this Court of all financing arrangements, leases, contracts, and other actions that the Debtor propose in the Disclosure Statement or herein, to enter into, make, or take in connection with implementation hereof, including the execution of any documents as of the Effective Date.

## VII.
## RETENTION, ENFORCEMENT, AND WAIVER OF CLAIMS

**7.01**    Pursuant to § 1123(b)(3) of the Code, the Debtor shall retain and may enforce any and all claims of the Debtor except claims waived, relinquished, or released in accordance with the Plan.

**7.02**    No party in interest except the Debtor shall maintain or commence an action to recover a preference as defined in § 547(b) of the Code after the Confirmation Order is entered.

**7.03**    Contests of claims shall be filed with the Court not later than thirty (30) days after the Effective Date.

# VIII.
# JURISDICTION OF THE COURT

**8.01    Continuing Jurisdiction.**  The Court shall retain and have exclusive jurisdiction over the Reorganization Case for the following purposes:

    **A.**    To determine any and all objections to the allowance of claims or interests;

    **B.**    To determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or the Plan;

    **C.**    To determine any applications or motions pending on the Effective Date for the rejection, assumption, or assumption and assignment of any executory contract and to hear and determine and, if need be, to liquidate any and all claims arising therefrom;

    **D.**    To determine any and all applications, adversary proceedings, and contested matters that may be pending on the Effective Date;

    **E.**    To consider any modification of this Plan and/or remedy any defect or omission or reconcile any inconsistency in any Order of the Court, to the extent authorized by the Court;

    **F.**    To determine all controversies, lawsuits, and disputes that may arise in connection with the interpretation, enforcement, or consummation of the Plan or that may involve or affect the value of assets of the Company administered by the Plan;

    **G.**    To consider and act on the compromise and settlement of any claim against or cause of action by or against the Debtor arising under or in connection with the Plan;

    **H**.    To issue such orders in aid of execution of the Plan to the extent authorized by § 1142 of the Bankruptcy Code;

    **I.**    To determine such other matters as may be set forth in any Order or Orders confirming the Plan or which may arise in connection with the Plan or any other Order or Orders confirming the Plan.

# IX.
# MISCELLANEOUS PROVISIONS

**9.01    Prior Court Orders.**  All prior orders entered by the United States Bankruptcy Court for the Northern District of Alabama are hereby incorporated by reference, including their terms, conditions, benefits, requirements, and obligations.

**9.02    Cramdown.**  With respect to any class not accepting the Plan, the Proponents do hereby request confirmation of the Plan pursuant to § 1129(b) of the Bankruptcy Code on the grounds that the Plan does not discriminate unfairly and is fair and equitable with respect to each class of Claims that are impaired.

-10-

**9.03     Quarterly Fees.**  The Debtor will make its quarterly fees to the Bankruptcy Administrator pursuant to 28 U.S.C. §1930.  Debtor will continue to make these payments as required post-petition.

**9.04     Compliance with Tax Requirements.**  In connection with the Plan, the Debtor will comply with all withholding and reporting requirements imposed by federal, state, and local taxing authorities, and all distributions hereunder shall be subject to such withholding and reporting requirements.

**9.05     Retention of Liens.**  Each creditor whose claim is secured by a lien or mortgage on property of the Debtor shall retain such lien or mortgage until such creditor's claim is paid in full according to the treatment proposed under the Plan, at which time the lien shall be released.

**9.06     Employment and Payment of Professionals.**

    **A.**     During the period between the Confirmation Date and the Effective Date, Debtor may

        1.     continue to avail itself of the services of professional persons whose employment was approved at or prior to Confirmation in completing the administration of this case and in the consummation and performance hereof and

        2.     if necessary and with the approval of this Court, employ additional professional persons to render such services.

    **B.**     With respect to services rendered and expenses incurred in or in connection with this case during such period by any such professional person, the professional person may render periodic billings therefore to the Debtor and the Debtor shall promptly pay the same, but each such payment shall be subject to review and approval by this Court as to the reasonableness thereof.

**9.07     Notice of Hearing and Motions Post Confirmation.**  Upon confirmation of the Plan, all of the motions, applications for compensation to professionals, and notices of such hearings shall be limited to the Debtor, the Bankruptcy Administrator, and any party of interest directly affected by such motion or application.

**9.08     Satisfaction of Claims.**  The rights afforded in this Plan shall be in exchange for and in complete satisfaction, discharge, and release of all Allowed Claims, liens, and encumbrances of any nature whatsoever, including any interest accrued thereon from and after the Filing Date, against the Debtor or any of its assets; and, except as otherwise provided herein, on Confirmation, all such Allowed Claims against the Debtor or its assets and any other or further Allowed Claim based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to Confirmation are satisfied, discharged, and released.

**9.09** **Claims of Tidwell Construction Payable by Third Parties or Insurance.**
Notwithstanding anything to the contrary in the Plan or Confirmation Order, Confirmation and Consummation of the Plan shall not enjoin, discharge, preclude, limit or affect the rights of Jerry Tidwell Construction, Inc. d/b/a Tidwell Construction from prosecuting and seeking collection of any Claim against:

(i) The Debtor provided any resulting judgment or settlement on the Claim will be paid by an insurer or indemnitor of the Debtor, or from the proceeds of an insurance policy, including without limitation any general commercial liability or D&O policy of insurance; or

(ii) A non-debtor party, including without limitation any insurer or indemnitor of the Debtor, or from the proceeds of any insurance policy, including without limitation any general commercial liability or D&O policy of insurance.

Tidwell Construction shall not seek collection of any Claim from Property of the Debtor's Estate absent further Order of the Bankruptcy Court.

**9.10** **Claims of Aviagen Group, Inc. and its affiliates, including without limitation, Aviagen North America, Inc., Aviagen, Inc. and Aviagen Turkeys, Inc.**
Notwithstanding anything to the contrary in the Plan or Confirmation Order, Confirmation and Consummation of the Plan shall not enjoin, discharge, preclude, limit or affect the rights of Aviagen Group, Inc. and its affiliates, including without limitation, Aviagen North America, Inc., Aviagen, Inc. and Aviagen Turkeys, Inc. from prosecuting and seeking collection of any Claim against:

(i) The Debtor provided any resulting judgment or settlement on the Claim will be paid by an insurer or indemnitor of the Debtor, or from the proceeds of an insurance policy, including without limitation any general commercial liability or D&O policy of insurance; or

(ii) A non-debtor party, including without limitation any insurer or indemnitor of the Debtor, or from the proceeds of any insurance policy, including without limitation any general commercial liability or D&O policy of insurance.

Aviagen Group, Inc. and its affiliates, including without limitation, Aviagen North America, Inc., Aviagen, Inc. and Aviagen Turkeys, Inc. shall not seek collection of any Claim from Property of the Debtor's Estate absent further Order of the Bankruptcy Court.

## X.
## CLOSING OF CASE

**10.1** **Procedure for Closing Case**. If the Court concludes that a hearing on such motion would be appropriate, such hearing shall be conducted upon notice only to the Debtor, the Bankruptcy Administrator, and persons specially requesting notices at the hearing on confirmation.

Respectfully submitted March 19, 2020.

    Debtor and Debtor-in-possession
    H&B HOLDINGS, INC.

    */s/ Harvey F. Robbins, III*
    HARVEY F. ROBBINS, III, PRESIDENT
    */s/ Stuart M. Maples*
    STUART M. MAPLES, COUNSEL FOR DEBTOR

MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779
Fax: (256) 489-9720
smaples@mapleslawfirmpc.com

## **CERTIFICATE OF SERVICE**

    I do hereby certify that on March 19, 2020, a copy of the foregoing document was served on the following by Electronic Case Filing a copy of the same.

Richard Blythe
Bankruptcy Administrator
P.O. Box 3045
Decatur, AL  35602

All parties requesting notice

    I do hereby certify that on March 19, 2020, a copy of the foregoing document was served on the following by mailing a copy of the same United States Mail, properly addressed and first-class postage prepaid.

All parties on the matrix attached hereto

    */s/ Stuart M. Maples*
    STUART M. MAPLES

-13-

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-8<br>Case 19-82417-CRJ11<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Thu Mar 19 13:43:19 CDT 2020 | (p)DE LAGE LANDEN FINANCIAL<br>ATTN LITIGATION & RECOVERY<br>1111 OLD EAGLE SCHOOL ROAD<br>WAYNE PA 19087-1453 | H&B Holdings, Inc.<br>4625 Hickory Lane<br>Tuscumbia, AL 35674-4903 |
| Jerry Tidwell Construction, Inc.<br>c/o Bradley Arant Boult Cummings, LLP<br>Attn: N. Chris Glenos<br>One Federal Place<br>1819 5th Avenue North<br>Birmingham, AL 35203-2120 | United Lumber & Reman, LLC<br>980 Ford Road<br>Muscle Shoals, AL 35661-1118 | U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 |
| *Alabama Department of Revenue<br>PO Box 327483<br>Montgomery, AL 36132-7483 | *Alabama Deptartment of Revenue<br>Department of Revenue Legal Division<br>PO Box 320001<br>Montgomery, AL 36132-0001 | *Arnold's Truck Stop, Inc.<br>1460 Highway 20<br>Tuscumbia, AL 35674-6078 |
| *CB&S<br>PO Box 910<br>Russellville, AL 35653-0910 | *Carter Oil Company<br>PO Box 487<br>Sheffield, AL 35660-0487 | *EV Logistics<br>26 W. Zarate St.<br>Rio Grande City, TX 78582-6112 |
| (p)FIRST METRO BANK<br>406 W AVALON AVENUE<br>MUSCLE SHOALS AL 35661-2808 | *Harvey F. Robbins, III<br>100 B South Main St.<br>Tuscumbia, AL 35674-2429 | *JRC Transportation, Inc.<br>PO Box 15101<br>Newark, NJ 07192-5101 |
| *Nextran Truck Center<br>PO Box 820<br>Fultondale, AL 35068-0820 | *Ohio Valley Transport, Inc.<br>750 Economy Dr.<br>Clarksville, TN 37043-2429 | *Premier Trailers, LLC<br>PO Box 206553<br>Dallas, TX 75320-6553 |
| *Robbins Properties, Inc.<br>100 B South Main St.<br>Tuscumbia, AL 35674-2429 | *Shappire Lumber Co., Inc.<br>109548 Tammany Lane<br>Hamilton, MT 59840 | (p)SUNBELT PAPER & PACKAGING INC<br>P O BOX 521<br>SAGINAW AL 35137-0521 |
| *Taylor Supply Center<br>c/o Roy Taylor<br>PO Box 1026<br>Russellville, AL 35653-1026 | *Total Quality Logistics<br>PO Box 634558<br>Cincinnati, OH 45263-4558 | *Troy Corporation<br>PO Box 824736<br>Philadelphia, PA 19182-4736 |
| *United Lumber<br>980 Ford Rd<br>Muscle Shoals, AL 35661-1118 | *Weyerhauser<br>PO Box 843568<br>Dallas, TX 75284-3568 | ASM Consulting, Inc.<br>2949 County Road 30<br>Florence, AL 35634-6620 |
| Alabama Dept. of Revenue<br>PO Box 2401<br>Montgomery, AL 36140-0001 | Baggett Services, Inc.<br>2 South 32nd St.<br>Birmingham, AL 35233-3018 | Beverly Robbins<br>100 B South Main St.<br>Tuscumbia, AL 35674-2429 |

| | | |
|---|---|---|
| C.H. Robinson Worldwide, Inc.<br>Receivables Control Corp. (RCC)<br>7373 Kirkwood Ct., Ste 200<br>Osseo, MN 55369-5264 | Free State Trucking, LLC<br>64 Co Rd 3729<br>PO Box 398<br>Addison, AL 35540-0398 | Global Fire Sprinklers, LLC<br>4242 Bryson Blvd<br>Florence, AL 35630-7319 |
| H&B Holding, Inc.<br>Wells Fargo Bank, N.A.<br>800 Walnut Street MAC F0005-055<br>Des Moines, IA 50309-3891 | H&B Properties, LLC<br>100 B South Main St.<br>Tuscumbia, AL 35674-2429 | Haleyville Saw Shop, Inc.<br>1556 Highway 243 S<br>Haleyville, AL 35565-7384 |
| Hoker Trucking<br>30923 52nd Ave<br>Dixon, IA 52745-9719 | Integrated Corporate Solutions, Inc.<br>PO Box 443<br>Florence, AL 35631-0443 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | JLE Industries, LLC<br>119 ICMI Rd, Ste 210<br>Dunbar, PA 15431-2358 | James G. Henderson<br>Pritchard, McCall & Jones, L.L.C.<br>505 N 20th Street, Suite 1210<br>Birmingham, AL 35203-4662 |
| John Ellis Trucking, Inc.<br>3078 Lake Grove Dr.<br>Hernando, MS 38632-7900 | Joyce White Vance<br>US Attorney General<br>1801 4th Ave North<br>Birmingham, AL 35203-2101 | Just Right Services, Inc.<br>574 Rose of Sharon Rd<br>Cutler, IL 62238-1100 |
| Karen Schwartz McClure, Esq.<br>1609 Richard Arrington Jr. Blvd. South<br>Birmingham, AL 35205-4952 | King of Freight, LLC<br>110 S. Main St., Ste # 300<br>Wichita, KS 67202-3751 | Loretta Lynch US Attorney General<br>US Dept. of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC 20530-0009 |
| Luther Strange<br>Alabama Attorney General<br>PO Box 300152<br>Montgomery, AL 36130-0152 | MJS Transportation, Inc.<br>PO Box 816<br>Decatur, IN 46733-0816 | Miner Saw, Inc.<br>PO Box 2214<br>Decatur, AL 35609-2214 |
| Motion Industries, Inc.<br>PO Box 404130<br>Atlanta, GA 30384-4130 | Nextran Corporation dba Nextran Rental & Lea<br>Mr. Luis Colon, Director of Credit<br>8100 Chancellor Drive, Suite 130<br>Orlando, FL 32809-7664 | On Time Truck Hauling<br>21820 Grand Lancelot Dr.<br>Kingwood, TX 77339-7700 |
| Pendu MFG, Inc.<br>718 North Shirk Rd.<br>New Holland, PA 17557-9721 | Pitney Bowes<br>PO Box 371887<br>Pittsburgh, PA 15250-7887 | Purchase Power<br>PO Box 371874<br>Pittsburgh, PA 15250-7874 |
| Quill Corporation<br>PO Box 37600<br>Philadelphia, PA 19101-0600 | Quill Tom Riggleman<br>7 Technology Circle<br>Columbia, SC 29203-9591 | Robert M. Ronnlund<br>Scott Sullivan Streetman & Fox, P.C.<br>2450 Valleydale Road<br>Birmingham, AL 35244-2015 |

| | | |
|---|---|---|
| Sam T Carter Oil Company Inc<br>Carter Oil Company Inc<br>P O Box 487<br>Sheffield, AL 35660-0487 | Secretary of the Treasury<br>1500 Pennsylvania Ave., NW<br>Washington, DC 20220-0001 | Shoals Rubber & Gasket<br>PO Box 1786<br>Decatur, AL 35602-1786 |
| State of Alabama<br>Department of Revenue Legal Division<br>PO Box 320001<br>Montgomery, AL 36132-0001 | TW3 c/o Transport Clearing East<br>4651 Charlotte Park Dr., Ste 450<br>Charlotte, NC 28217-1910 | Three Chimney Express, Inc.<br>2962 Three Chimney Rd<br>Viroqua, WI 54665 |
| Timber Products Inspection<br>PO Box 919<br>Conyers, GA 30012-0919 | Total Quality Logistics, LLC<br>Attn: Joseph B. Wells, Asst. Corp. Couns<br>4289 Ivy Pointe Blvd.<br>Cincinnati, OH 45245-0002 | U.S. Securities and Exchange Commission<br>Regional Director, Branch of Reorganizat<br>Atlanta Regional Office, Suite 900<br>950 East Paces Ferry Road<br>Atlanta, GA 30326-1180 |
| United Lumber & Reman, LLC<br>c/o Robert M. Ronnlund<br>Scott Sullivan Streetman & Fox, P.C.<br>2450 Valleydale Road<br>Birmingham, AL 35244-2015 | United States Attorney<br>Northern District of Alabama<br>1801 Fourth Avenue North<br>Birmingham, AL 35203-2101 | United States Bankruptcy Administrator<br>Northern District of Alabama<br>1800 Fifth Avenue North<br>Birmingham, AL 35203-2111 |
| Vulco Auto Supply<br>416 Buffalo Rd.<br>Lawrenceburg, TN 38464-3214 | Wells Fargo Lift<br>Manufacturer Services Group<br>San Francisco, CA 94120 | Weyerhaeuser NR Company<br>220 Occidental Ave S.<br>Seattle, WA 98104-3120 |
| Douglas B. Hargett<br>Hall Tanner Hargett P.C.<br>201 North Water Street<br>Tuscumbia, AL 35674-1926 | G. Rick Hall<br>Hall Tanner Hargett, P.C.<br>201 North Water Street<br>Tuscumbia, AL 35674-1926 | Richard M Blythe<br>United States Bankruptcy Administrator<br>PO Box 3045<br>Decatur, AL 35602-3045 |
| Robert J Landry<br>Anniston Bankruptcy Administrator<br>1129 Noble Street<br>Room 117<br>Anniston, AL 36201-4674 | Stuart M Maples<br>Maples Law Firm, PC<br>200 Clinton Avenue W.<br>Suite 1000<br>Huntsville, AL 35801-4919 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc.<br>1111 Old Eagle School Road<br>Wayne, PA 19087 | *First Metro Bank<br>406 West Avalon Ave.<br>Muscle Shoals, AL 35661 | *Sunbelt Paper and Packaging<br>PO Box 521<br>Saginaw, AL 35137 |
| (d)De Lage Landen<br>PO Box 41602<br>Philadelphia, PA 19101 | (d)De Lage Landen, Financial Services<br>1111 Old Eagle School Road<br>Attn: Ken Jones, Litigation & Recovery<br>Wayne, PA 19087 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)CB&S Bank | (u)First Metro Bank | End of Label Matrix |
| | | Mailable recipients   79 |
| | | Bypassed recipients   2 |
| | | Total   81 |