**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | H&B HOLDINGS, INC. | ) | Case No.: 19-82417-CRJ-11 |
| | | ) | |
| | EIN: xx-xxx4516 | ) | |
| | | ) | |
| | Debtor. | ) | CHAPTER 11 |
| | | ) | |

**CREDITOR'S OBJECTION TO APPLICATION TO EMPLOY
HALL TANNER HARGETT, P.C. PURSUANT TO 11 U.S.C. § 327(e)
<u>AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

COMES NOW United Lumber and Reman, LLC ("**ULR**"), an unsecured creditor in the above-styled case, and files this Objection to the Debtor's Application to Employ Hall Tanner Hargett, P.C. (the "**Applicant**") on grounds that follow:

**I.      BACKGROUND.**

1.      In an affidavit filed with this Court, attorney Douglas B. Hargett stated that the Applicant and the members of its firm do not hold "any interest adverse to the estate… [and] no member of the [law firm] has any connection with the Debtor, its creditors, or any parties in interest."[Doc. 61, p. 4 ¶¶ 3-4.]

2.      Mr. Hargett's testimony is incorrect.

3.      On January 25, 2019, ULR filed a lawsuit against H&B Holdings, Inc. (the "**Debtor**") and its owner Harvey Robbins for breach of contract in the action styled *United Lumber & Reman, LLC v. H&B Holdings, Inc., et al.,* CV-19-900035.00 in the Circuit Court for Colbert County, Alabama (the "**Collection Lawsuit**").

4.      The Collection Lawsuit against Mr. Robbins is ongoing and active; Mr. Hargett and his law partner, G. Rick Hall, serve as counsel of record to Mr. Robbins.

5.      According to the Debtor's bankruptcy schedules, Mr. Robbins is also a creditor of the Debtor, allegedly owed over $2.5million from the Debtor.

6.      As an owner and officer of the Debtor, Mr. Robbins qualifies as an "insider" under 11 U.S.C. § 101(31).

7.      The Debtor now seeks to employ the Applicant, who represents an insider-creditor in an ongoing dispute with the Movant, to represent the bankruptcy estate in proposed litigation (the "**Prospective Lawsuit**").

## II.     THE BANKRUPTCY CODE GIVES THIS COURT BROAD AUTHORITY TO REVIEW 11 U.S.C. § 327 APPLICATIONS FOR CONFLICTS.

8.      The applicable statute, 11 U.S.C. § 327(e), states that the trustee, with court approval, may employ special counsel if the attorney or law firm "does not represent or hold any interest adverse to the debtor or the estate with respect to the matter on which such attorney is being employed."

9.      ULR is a creditor of the Debtor's estate. Mr. Robbins is also a creditor of the Debtor's estate.

10.     The Debtor's plan of reorganization calls for the unsecured creditors to be paid out of proceeds from the Prospective Lawsuit.

11.     In one state court proceeding, the Applicant is presently denying the validity of ULR's claims against the Debtor's principal. Now, the Debtor proposes that the same law firm prosecute a claim to recover funds for the benefit ULR and other unsecured creditors.

12.     Such representations by the Applicant simultaneously constitute a violation of the plain language of 11 U.S.C. § 327.

13.     There is a clear conflict between Mr. Robbins's interests in the Collection Lawsuit and the bankruptcy estate's interests in the Prospective Lawsuit: the Debtor's estate should maximize recovery for the unsecured creditors while without regard to Mr. Robbins's personal liability. There is also a conflict between Mr. Robbins status as an insider-creditor allegedly owed more than $2.5million and the estate's interest in reviewing and approving allowed claims.

14.     Mr. Robbins has the personal incentive to direct Applicant's activities in the Collection Lawsuit and the Prospective Lawsuit in a way that is most beneficial to him personally.

15.     The same law firm cannot properly represent so many conflicting interests at the same time.

16.     11 U.S.C. § 327(c) further states when counsel represents a creditor of the estate and upon objection "by another creditor or [the Bankruptcy Administrator], in which case the court shall disapprove such employment if there is an actual conflict of interest."

17.     Bankruptcy Code "Section 327(e) read together with § 327(c) controls retention of special counsel, including authorization for attorneys representing either creditors or the debtor." *In re Adam Furniture Industries, Inc.*, 191 BR 249, 259 (Bankr. SD GA 1996) (citing *In re Fondiller*, 15 B.R. 890, 892 (BAP 9th Cir. 1981)).

18.     "The bankruptcy court, not the professionals, must determine which prior connections rise to the level of an actual conflict or pose the threat of a potential conflict." *In re Citation Corp*, 439 F. 3d 1313, 1321 (11th Cir. 2007).

19.     "Although the Code vests in the bankruptcy trustee the immediate power to select candidates for employment by the bankruptcy estate, it gives broad discretion to the bankruptcy court over the appointment of professionals to work on behalf of the trustee and the estate, in part by empowering the court to approve candidates so selected." *In re Harold & Williams Dev't. Co.*, 977 F.2d 906, 909 (4th Cir. 1992) (citing *In re Martin*, 817 F.2d 175, 182 (1st Cir. 1987)).

20.     "[E]mployment of special counsel must be in the 'best' interest of the estate. In determining whether the best interests are at stake, there must be an actual need for the services, based upon a threat to the estate or its property." *In re Duque*, 48 BR 965 (SD Fla. 1984).

21.     By seeking to utilize the same counsel, Mr. Robbins has too much control over the the various legal proceedings. Applicant cannot serve both Mr. Robbins (who is an insider-creditor) and ULR (an unsecured creditor) at the same time.

## III.     SPECIAL COUNSEL'S FEES SHOULD BE EITHER A CONTINGENCY FEE OR CAPPED ON A BUDGET AND PAID OUT OF THE PROCEEDS FROM ANY LAWSUIT RECOVERY.

22.     There is no unsecured creditors committee in this case.

23.     Following confirmation, the creditors of the estate will have no ability to monitor and direct the Prospective Lawsuit.

24.     Because the Debtor's plan of reorganization proposes that all net profits of Debtor will be paid to the creditors, the Debtor has no incentive to keep costs reasonable in the Prospective Lawsuit.

25.     The Debtor further has no incentive to ensure that Prospective Lawsuit is resolved for maximum benefit of the unsecured creditors because only the creditors will benefit from any recovery.

26.     In this circumstance, a contingency fee arrangement of no more than 33.3% would best align the interests of the Debtor, any approved special counsel, and the bankruptcy estate as a whole.

27.     Alternatively, requiring a Court-approved budget, limiting counsel's recovery to be paid from any recovery obtained, and requiring Court approval of special counsel's fees would protect the interests of the bankruptcy estate.

28.     The Debtor's current proposal of employing the Applicant without a budget or fee cap is not in the best interest of the unsecured creditors.

WHEREFORE, premises considered, United Lumber and Reman, LLC respectfully requests that this Honorable Court enter an Order: denying the Debtor's Application to Employ Applicant; requiring any proposed special counsel to be employed on a contingency fee, or in the alternative, subject to a budget and court approval of fees; and granting such further relief as this Court deems just and proper.

Respectfully submitted this the 20th day of March, 2020.


                                            /s/ Tazewell T. Shepard IV
                                            Tazewell T. Shepard III
                                            Tazewell T. Shepard IV
                                            *Attorneys for the Movant*

                                            **SPARKMAN, SHEPARD & MORRIS, P.C.**
                                            P.O. Box 19045
                                            Huntsville, AL 35804
                                            Tel: (256) 512-9924
                                            ty@ssmattorneys.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this the 20th day of March, 2020 I have served the foregoing motion on all parties as listed on the Clerk's Certified Matrix, the Debtor, the Debtor's counsel, Hall Tanner Hargett, P.C., and the Office of the Bankruptcy Administrator by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV