IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: H&B HOLDINGS, INC. ) | | Case No.: 19-82417-CRJ11 |
| ) | | |
| EIN: xx-xxx4516 ) | | |
| ) | | |
| Debtor. ) | | CHAPTER 11 |
| ) | | |

**CREDITOR'S RESPONSE TO FIRST METRO BANK'S
MOTION TO EXTEND TIME TO FILE BALLOTS**

COMES NOW United Lumber and Reman, LLC ("**ULR**"), an unsecured creditor in the above-styled case, and filed this Response to First Metro Bank's Motion to Extend on grounds that follow:

1. The business day after CB&S Bank and ULR filed no votes and objections to confirmation of the Debtor's plan of reorganization, First Metro Bank filed two tarty ballots voting in favor of the Plan. One of First Metro Bank's ballot states that it is owed $2,679,600.00 as an unsecured creditor [Doc. 141].

2. **The Movant has reviewed the Debtor's bankruptcy schedules and the filed proofs of claim; First Metro Bank does not possess an allowed unsecured claim for $2,679,600.00**.

3. On November 22, 2019, First Metro Bank filed a proof of claim for $2,915,041.50 that **is fully secured for value**. [Claims Doc. 17-1]. This creditor also filed a separate unsecured claim for $3,765.38 [Claims Doc. 18-1].

4. The Debtor has not objected to or otherwise sought to challenge First Metro Bank's fully secured claim.

5. The Debtor's plan of reorganization further states that First Metro Bank's allowed secured claim totals $2,915,041.50. [Doc. 127, p. 5].

6. According to the Debtor's approved disclosure statement, "The Plan places all Unsecured Claims in Class 4. The total amount of these claims is approximately $575,643.54." [Doc. 98, p. 7].

7.     The Debtor's plan of reorganization proposes the following treatment for First Metro Bank:

> Class 2 shall consist of the Allowed Secured Claim of First Metro. It is anticipated that First Metro will continue to be serviced by the lease, or paid off by the sale of its real estate collateral owned by H&B Properties, LLC, a related non-filing entity.

[Doc. 127, p. 6].

8.     The plan contemplates a non-debtor third party paying First Metro Bank in full its allowed $2,915,041.50 secured claim at its contractual interest rates and on its contractual terms.

9.     **It is unclear from the plan and disclosure statement how the Debtor's plan renders First Metro Bank impaired under 11 U.S.C. § 1124 and eligible to vote in any capacity.**

10.     Further, if the plan of reorganization contemplates payment in full of First Metro Bank's allowed secured claim, then no portion of that secured claim should be classified with the general unsecured creditors who currently expect little to no distributions from this proposed plan.

11.     First Metro Bank's tarty ballots should not be allowed in this case because the Debtor's plan of reorganization and disclosure statement did not disclosure that this creditor's multimillion-dollar unsecured claim.

WHEREFORE, premises considered, United Lumber and Reman, LLC respectfully requests that this Honorable Court enter an Order: (a) denying First Metro Bank's Motion to Extent Time to File Ballots; and; and (b) grant such further relief as this Court deems just and proper.

Respectfully submitted this the 24th day of March, 2020.

>                 */s/ Tazewell T. Shepard IV*
>                 Tazewell T. Shepard III
>                 Tazewell T. Shepard IV
>                 *Attorneys for the Movant*

SPARKMAN, SHEPARD & MORRIS, P.C.
P.O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
ty@ssmattorneys.com

## CERTIFICATE OF SERVICE

This is to certify that I have this the 24th day of March, 2020 I have served the foregoing motion on all parties as listed on the Clerk's Certified Matrix, the Debtor, the Debtor's counsel, and the Office of the Bankruptcy Administrator by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV