IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE:    H&B HOLDINGS, INC. | ) | Case No.: 19-82417-CRJ11 |
| | ) | |
| EIN: xx-xxx4516 | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 11 |
| | ) | |

**OBJECTION TO PROOF OF CLAIM OF**
**SAM T CARTER OIL COMPANY INC. [CLAIMS DOC. 19-1]**

COMES NOW United Lumber and Reman, LLC ("**ULR**"), an unsecured creditor in the above-styled case, and objects to the proof of claim of Sam T. Carter Oil Company Inc. (the "**Claimant**") on grounds that follow:

**Background**

1. On August 13, 2019, H&B Holdings, Inc. (the "**Debtor**") commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "**Petition Date**").

2. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtor is a corporation based in Colbert County, Alabama.

**Proof of Claim 19-1**

4. The Debtor listed the Claimant as a potential creditor in its bankruptcy petition and in its bankruptcy schedules filed with this Court on the Petition Date [Doc. 1].

5. Since the Petition Date, the Claimant has been a party listed on the Clerk of Court's creditors matrix.

6. In an Order dated September 6, 2019, this Court set November 22, 2019 as the deadline for all creditors to file proofs of claim in this case (the "**Bar Date Order**") [Doc. 27].

7. According to the certificate of service filed by the Debtor on September 6, 2019, its counsel serviced a copy of the Bar Date Order on the entire creditors' matrix that same day [Doc. 28].

8. Accordingly, the Claimant had actual notice of the Bar Date Order. Eighteen other creditors file timely proofs of claim in this case.

9. *Fed.R.Bankr.P.* Rule 3003(c)(2) states that the Claimant had to file a timely proof of claim in this case to participate in any estate distribution.

10. On December 11, 2019, the Claimant filed a proof of claim weeks after the claims bar date had passed.

11. The Claimant has not sought leave of the Court to file a late claim pursuant to *Fed.R.Bankr.P.* Rule 3002(c); further, since it had actual notice of the claims bar date, it would not be entitled to such relief.

12. Allowing the Claimant to participate in a distribution from the bankruptcy estate would disadvantage those creditors who filed timely proofs of claim and be inequitable to the estate as a whole.

13. Accordingly, ULR objects to Proof of Claim 19-1 on grounds that this claim was filed untimely and without leave of the Court to extend the claims bar date as required by *Fed.R.Bankr.P.* Rule 3002(c).

WHEREFORE, premises considered, United Lumber and Reman, LLC respectfully requests this Court to enter an Order: sustaining its objection to proof of claim 19-1; and granting such relief as this Court deems just and proper.

Respectfully submitted this the 24th day of March, 2020.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys for the Movant*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
ty@ssmattorneys.com

# CERTIFICATE OF SERVICE

This is to certify that I have this the 24th day of March, 2020 I have served the foregoing motion on all parties as listed on the Clerk's Certified Matrix, the Debtor, the Debtor's counsel, Sam T. Carter Oil Company Inc., P.O, Box 487, Sheffield, AL 35660, and the Office of the Bankruptcy Administrator by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV